IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JARMANJIT SINGH,<br><br>    *Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, UNITED STATES ATTORNEY GENERAL; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; BRET BRADFORD, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, HOUSTON FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY; DAREN K. MARGOLIN, DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, IN HIS OFFICIAL CAPACITY; ALEXANDER SANCHEZ, FACILITY ADMINISTRATOR / WARDEN OF THE IAH SECURE ADULT DETENTION FACILITY, IN HIS OFFICIAL CAPACITY,<br><br>    *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00369<br>JUDGE MICHAEL J. TRUNCALE |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Jarmanjit Singh ("Singh")'s Petition for Writ of Habeas

Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Jarmanjit Singh is an Indian national. [Dkt. 1 at ¶ 13]. On August 29, 2025,

United States Immigration and Customs Enforcement ("ICE") detained Singh. *Id.*

On May 22, 2026, Singh brought a habeas corpus petition, claiming that his detention

1

violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Detention Pending Removal Proceedings

Singh challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Singh argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Singh is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been

subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations'

policy approaches were different; the statute's text controls. *See id.*

## B.  Due Process

Singh argues that the Government violated due process by failing to provide him with a

bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Singh were correct, he still would

not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997)

(Smith, J.). Singh's due-process argument is not based on the illegality of his confinement itself,

but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Singh's

unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons

for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Accordingly, Singh's due-process claim is ill-suited for a habeas proceeding, which is "not

available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935

(emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a

prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising

such a challenge only when the challenged procedure would result in the petitioner's automatic

release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Singh's being

granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing,

the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1),

1236.1(d)(1). Because a bond hearing would not have guaranteed Singh's release from custody,

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Singh's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Singh to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Singh's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge